IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2012-0155 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| MARTIN DAVID SALAZAR-MERCADO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20110221001

Honorable Christopher C. Browning, Judge

AFFIRMED

---

Thomas C. Horne, Arizona Attorney General
 By Joseph T. Maziarz and Jonathan Bass

Tucson
Attorneys for Appellee

Lori J. Lefferts, Pima County Public Defender
 By Lisa M. Hise

Tucson
Attorneys for Appellant

---

K E L L Y, Judge.

¶1 Martin Salazar-Mercado appeals from his convictions and sentences for one count of sexual conduct with a minor and five counts of molestation of a child. He argues the trial court erred in denying his motion to preclude expert testimony pursuant to Rule 702, Ariz. R. Evid. He also contends the court erred in admitting a victim's prior inconsistent statement as substantive evidence of his guilt. We affirm.

**Background**

¶2 We view the facts in the light most favorable to sustaining the verdicts. *See State v. Becerra*, 231 Ariz. 200, ¶ 2, 291 P.3d 994, 996 (App. 2013). In October 2010 Salazar-Mercado's niece, V.S., and her brother, H.B., disclosed to family members that Salazar-Mercado had molested them on several occasions in the past. The police were called and Salazar-Mercado was arrested.

¶3 Before trial, Salazar-Mercado moved to preclude the state's proposed expert witness, Dr. Wendy Dutton, a forensic interviewer, from presenting testimony on the general characteristics of child victims of sexual abuse, arguing her testimony would not satisfy the requirements of Rule 702, Ariz. R. Evid. The trial court denied the motion, and Dutton testified at trial. Salazar-Mercado was convicted as stated above.[1] He was sentenced to a combination of concurrent and consecutive sentences, the longest of which was life imprisonment, and this appeal followed.

---

[1]Salazar-Mercado also was charged with two offenses involving other children—molestation of a child and sexual abuse. The state dismissed the former and the jury was unable to reach a verdict on the latter.

## Discussion

### I. Expert Witness Testimony

**¶4** Salazar-Mercado claims the trial court erred in denying his motion to preclude Dutton from presenting expert testimony. Generally, we review the court's admission of expert testimony for an abuse of discretion. *State v. Wright*, 214 Ariz. 540, ¶ 5, 155 P.3d 1064, 1066 (App. 2007). However, to the extent the admissibility of the testimony is a question of law, our review is de novo. *Id.*; *see also Cranmer v. State*, 204 Ariz. 299, ¶ 8, 63 P.3d 1036, 1038 (App. 2003) ("We review the interpretation of . . . court rules de novo.").

#### a. Rule 702(d), Ariz. R. Evid.

**¶5** The admission of expert testimony is governed by Rule 702, Ariz. R. Evid. *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, ¶ 10, 293 P.3d 520, 525 (App. 2013). The Arizona Supreme Court amended Rule 702 in September 2011, effective January 1, 2012, to "adopt[] Federal Rule of Evidence 702, as restyled" and to reflect the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Ariz. R. Evid. 702 cmt.; Ariz. Sup. Ct. Order No. R-10-0035 (Sept. 8, 2011). In doing so, the court departed from the general-acceptance test detailed in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), and *Logerquist v. McVey*, 196 Ariz. 470, 1 P.3d 113 (2000).

**¶6** Rule 702, Fed. R. Evid., codifies the "reliability" test for the admissibility of expert testimony that was announced in *Daubert* and clarified in *Kumho Tire Co., Ltd.*

3

*v. Carmichael*, 526 U.S. 137 (1999).[2]  *See* Fed. R. Evid. 702 advisory comm. notes.  The amended version of Rule 702, Ariz. R. Evid., is identical to the federal rule and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

¶7      Salazar-Mercado argues, as he did in his motion to preclude, that because Dutton testified as a "cold" expert without "any knowledge or information about" the facts of his case, "nothing that she testified to [was] directly applied."[3]  He reasons she therefore could not have "reliably applied [her] principles and methods to the facts of the case," as required by Rule 702(d).

---

[2]Consistent with *Daubert*, the comment to Rule 702, Ariz. R. Evid., "recognizes that trial courts should serve as gatekeepers in assuring that proposed expert testimony is reliable and thus helpful to the jury's determination of facts at issue."

[3]Although the motion to preclude was filed in October 2011, before the amendment to Rule 702 became effective in January 2012, by September 2011 the parties were aware the trial would be held after the rule change became effective and apparently agreed the amended version of Rule 702 would apply at the time of trial.  *See State v. Leonard*, 151 Ariz. 1, 4, 725 P.2d 493, 496 (App. 1986) ("[P]rohibitions against *ex post facto* laws do not apply to changes in rules of evidence, whether statutory or court-made.").

**¶8**        In its ruling, the trial court noted the absence of Arizona authority on the application of Rule 702(d) and looked to federal law for guidance. The court first considered the advisory committee notes to Rule 702, Fed. R. Evid., and concluded they "suggest[ed] . . . it was not the intention of the drafters . . . to preclude the practice of calling 'cold' witnesses to testify." The court also stated that although it did not find any federal authority "specifically holding that 'cold' testimony is admissible" it had reviewed a number of cases in which witnesses were allowed to present general expert testimony without applying it to the facts of the case. Accordingly, the court denied the motion, finding Rule 702, Ariz. R. Evid., "does not preclude an expert witness from testifying generally concerning matters within [her] expertise without thereafter applying those methods to the facts of the case."

**¶9**        "'In interpreting rules, we apply the same principles we use in interpreting statutes.'" *State v. Harden*, 228 Ariz. 131, ¶ 6, 263 P.3d 680, 681 (App. 2011), *quoting State v. Petty*, 225 Ariz. 369, ¶ 7, 238 P.3d 637, 640 (App. 2010). Our purpose is to "'give effect to our supreme court's intent in promulgating the rule . . . keeping in mind that the best reflection of that intent is the plain language of the rule.'" *Id.*, *quoting Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551, 555 (App. 2011). "If the language is clear and unambiguous, we give effect to that language and do not employ other methods of . . . construction." *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005).

5

¶10　　　　Salazar-Mercado asserts the language of Rule 702(d) clearly and unambiguously requires the exclusion of experts who do not apply their methods to the facts of the case, and therefore we should give that language effect without employing other methods of construction. *See id*. We disagree. As the trial court observed at the hearing on Salazar-Mercado's motion, it is unclear whether the language of Rule 702(d) "require[s] the witness apply [her] expertise specifically to the facts of the case or [whether] it require[s] that if the witness applies [her] expertise to the facts of the case, [she] do[es] so in a reliable manner." We cannot agree with Salazar-Mercado that the rule clearly and unambiguously requires the exclusion of all expert witnesses whose testimony is offered to aid the jury without applying the testimony to the facts. Accordingly, we turn to other methods of construction. *Fragoso*, 210 Ariz. 427, ¶ 7, 111 P.3d at 1030.

¶11　　　　In interpreting Rule 702(d) "[w]e construe [it] in accordance with its federal counterpart." *Ariz. State Hosp. v. Klein*, 231 Ariz. 467, ¶ 26, 296 P.3d 1003, 1009 (App. 2013); *see also State v. Green*, 200 Ariz. 496, ¶ 10, 29 P.3d 271, 273 (2001) (when interpreting evidentiary rule with federal counterpart we may look to federal rule for guidance). As the trial court observed, the advisory committee notes to Rule 702, Fed. R. Evid., provide that an expert is not limited to testifying in the form of an opinion but also "may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts." Indeed, the advisory committee notes

directly address the application of Rule 702 to an expert witness who presents general testimony without applying it to the facts.[4]  The notes state:

> If the expert purports to apply principles and methods to the facts of the case, it is important that this application be conducted reliably. Yet it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case.  For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony into the facts of the case.

Fed. R. Evid. 702, advisory comm. notes.  Therefore, Federal Rule 702 "does not alter the venerable practice of using expert testimony to educate the factfinder on general principles." *Id.*  Rather, for this "generalized" testimony to be admissible the rule "simply requires that:  (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony 'fit' the facts of the case." *Id.*

**¶12**      The United States Supreme Court's rationale in the cases which led to the 2000 amendment of Rule 702, Fed. R. Evid., weighs in favor of the approach indicated by the advisory committee notes and against that proposed by Salazar-Mercado.  In *Daubert*, the Court emphasized that the trial court's gatekeeping role under Rule 702 is a "flexible one" whose "overarching subject" is the reliability of the underlying principles.

---

[4]As the state observes, "[a]lthough not binding, the . . . Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005), *quoting Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000).

509 U.S. at 594-95. "Many factors will bear on the inquiry, and [there is no] definitive checklist or test." *Id*. at 593. Similarly, in *Kumho Tire* the Court concluded Rule 702 grants the court discretion "to determine reliability in light of the particular facts and circumstances of the particular case." 526 U.S. at 158. In doing so, the court should consider the Rule 702 factors "where they are reasonable measures of the reliability of expert testimony." *Id*. at 152.

¶13     Moreover, federal courts addressing arguments similar to Salazar-Mercado's have applied the "fit" test set forth in the advisory committee notes. *See Klein*, 231 Ariz. 467, ¶ 26, 296 P.3d at 1009 (federal court decisions interpreting federal rule considered persuasive authority). In *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 894-95 (D.C. Cir. 2010), the defendants sought to exclude an expert's testimony arguing it would not assist the jury in understanding the evidence because it was not applied to facts of the case or based on analysis of the evidence. The trial court applied the advisory committee's test to the proposed testimony and found it admissible because, although not derived from or applied to the facts in the case, the testimony fit the facts and would be relevant and helpful to the jury. *Id*. On appeal the circuit court affirmed, concluding the district court clearly did not abuse its broad discretion in its application of Rule 702. *Id*.; *see also Estate of Gaither ex rel. Gaither v. District of Columbia*, 831 F. Supp. 2d 56, 73-74 & n.21 (D.D.C. 2011); *TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d 171, 175 (N.D.N.Y. 2002).

¶14     We adopt the approach set forth in the advisory committee notes to Rule 702, Fed. R. Evid., and agree with the trial court that Rule 702(d), Ariz. R. Evid., does not require the per se preclusion of an expert who provides general testimony without applying her principles and methods to the facts of the case.  Rather, in that circumstance the court should consider whether the testimony "fits" the facts of the case.  That is, whether the proffered testimony assists the jury "by providing it with relevant information, necessary to a reasoned decision of the case."  *Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 595 (D.N.J. 2002).[5]

### b.  Rule 702(a)–(c), Ariz. R. Evid.

¶15     Salazar-Mercado also claims Dutton's testimony should have been precluded because it did not meet the requirements of Rule 702 (a)–(c).  Although Salazar-Mercado presented this argument in his motion to suppress, he did not request an evidentiary hearing to examine the proposed testimony, and he acknowledged at the hearing on his motion that the court was "well aware of the proceedings as well as the subject matter."

¶16     The trial court noted that Salazar-Mercado had not requested a hearing, "presented testimony or developed any factual record" in support of his Rule 702(a)–(c)

---

[5]Salazar-Mercado's proposed approach would effectively preclude all general testimony that is not applied to the facts of the case.  This broad category of testimony was not subject to per se preclusion under the previous version of Rule 702, Ariz. R. Evid.  Indeed, our supreme court found Dutton's testimony helpful and admissible under that standard.  *See State v. Lindsey*, 149 Ariz. 472, 473-74, 720 P.2d 73, 74-75 (1986); *see also State v. Moran*, 151 Ariz. 378, 381-82, 728 P.2d 248, 251-52 (1986).  We do not believe that our supreme court, by adopting Federal Rule 702, intended the sea change in Arizona evidence law proposed by Salazar-Mercado.

claims.[6] However, the court stated it was familiar with Dutton's testimony and observed she is "often called by the State in cases involving sexual abuse of minors and ha[d] testified before th[e] court on several occasions." The court also observed that in *State v. Curry*, when the previous version of Rule 702 was in effect, we concluded Dutton was qualified to testify as an expert witness on the behavior of child victims of sexual abuse. 187 Ariz. 623, 628-29, 931 P.2d 1133, 1138-39 (App. 1996).

¶17 On appeal, Salazar-Mercado reasserts the arguments presented in his motion to suppress, again making broad assertions about the deficiency of Dutton's testimony primarily on the ground it was "cold." He first claims Dutton's testimony was "not based on sufficient facts or data" because it "consisted merely of generalizations of how abuse victims behave." *See* Ariz. R. Evid. 702(b). To the extent Salazar-Mercado has developed this argument, we do not agree that Rule 702 prohibits testimony simply because it is "general."

¶18 Salazar-Mercado next claims Dutton's testimony was not the product of reliable principles and methods, as required by Rule 702(c), because it was "based on various research studies and [her] experience." Citing *Daubert*, he concludes her testimony "could not objectively be evaluated for known or potential rate of error." *See* 509 U.S. at 594. However, Rule 702 is "not intended to prevent expert testimony based on experience." *McMurtry*, 231 Ariz. 244, ¶ 17, 293 P.3d at 527. And *Daubert* does not

---

[6]Salazar-Mercado does not argue the trial court erred by not holding an evidentiary hearing. We note that "[i]n determining the reliability and relevance of . . . testimony, the court has great discretion to decide whether to set a pretrial hearing to evaluate the proposed testimony." *Klein*, 231 Ariz. 467, ¶ 31, 296 P.3d at 1010.

require a court to evaluate all expert testimony for "known or potential rate[s] of error." 509 U.S. at 594. Rather, it provides Rule 702 is "flexible" and suggests that the "rate of error" factor should be relied upon only to the extent it is relevant. *Id.*; *see also Shuck v. CNH America, LLC*, 498 F.3d 868, 874 (8th Cir. 2007) (rate of error "need not be considered in every case").

¶19 Finally, Salazar-Mercado argues "Dutton's specialized knowledge could not have assisted the [jury] to determine a fact in issue" because as "a cold expert, nothing that she testified to is directly applied or applicable to the situation in this case." As discussed earlier, however, the trial court is not required to preclude expert testimony simply because the expert does not apply it to the facts of the case. And, to the extent Salazar-Mercado suggests "cold" testimony would not have assisted the jury in this case, we disagree. As our supreme court has held repeatedly, expert testimony on general patterns of behavior "may well aid the jury in weighing the testimony of the alleged child victim" because the average juror is not "familiar with the behavioral characteristics of victims of child molest[ation]." *State v. Lindsey*, 149 Ariz. 472, 473-74, 720 P.2d 73, 74-75 (1986); *see also State v. Moran*, 151 Ariz. 378, 381-82, 728 P.2d 248, 251-52 (1986). Accordingly, the trial court did not abuse its discretion in denying the motion to preclude Dutton's testimony.[7] *Wright*, 214 Ariz. 540, ¶ 5, 155 P.3d at 1066.

---

[7]Additionally, Salazar-Mercado cites a number of federal cases which he asserts have questioned the admissibility of testimony similar to Dutton's. He claims that, although he presented these cases in his motion to preclude, the trial court failed to "consider and apply" them. But, in its ruling the court stated it had considered the

11

**II. Prior Inconsistent Statement**

**¶20** Salazar-Mercado argues the trial court erred in admitting V.S.'s prior inconsistent statement to a police detective as substantive evidence that Salazar-Mercado had digitally penetrated her, because the statement was unduly prejudicial. Although Salazar-Mercado objected to the detective's testimony as inadmissible hearsay, he did not present the trial court with the argument he now makes on appeal. *See State v. Lopez*, 217 Ariz. 433, ¶ 4, 175 P.3d 682, 683 (App. 2008) ("[A]n objection on one ground does not preserve the issue on another ground."). We therefore review only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005).

**¶21** At trial, V.S. testified that Salazar-Mercado had touched her vagina, but she could not remember if he had penetrated her with his finger. Later in the trial the prosecutor asked a police detective, who had observed the interview of V.S., whether V.S. had "disclose[d] that [Salazar-Mercado] digitally penetrated her." The trial court overruled Salazar-Mercado's hearsay objection, and the detective responded that V.S. "did mention that."

**¶22** On appeal, Salazar-Mercado concedes that because V.S. testified subject to cross-examination, her prior inconsistent statement was not hearsay and could be used as substantive evidence. *See* Ariz. R. Evid. 801(d)(1)(A); *State v. Huerstel*, 206 Ariz. 93, n.9, 75 P.3d 698, 709 n.9 (2003). But, citing *State v. Allred*, 134 Ariz. 274, 655 P.2d

parties' pleadings, and Salazar-Mercado has provided no authority that the court was required to "apply" the cases he cited.

12

1326 (1982), he argues the trial court should have excluded the statement nevertheless because its probative value was outweighed by its potential for undue prejudice.

¶23　　　　In *Allred*, our supreme court held that when an otherwise admissible prior inconsistent statement is used for substantive purposes, it may be excluded under Rule 403, Ariz. R. Evid., if its "probative value is substantially outweighed by the danger of [unfair] prejudice." 134 Ariz. at 277-78, 655 P.2d at 1329-30. The court listed five factors to consider in making this assessment: (1) whether "the witness being impeached denies making the impeaching statement"; (2) whether "the witness presenting the impeaching statement has an interest in the proceeding and there is no other corroboration that the statement was made"; (3) whether "there are other factors affecting the reliability of the impeaching witness, such as age or mental capacity"; (4) whether the statement is intended for substantive rather than impeachment purposes; and (5) whether "the impeachment testimony is the only evidence of guilt." *Id*. at 277, 655 P.2d at 1329. Our analysis is not limited to these factors, *id*., and the factors "are not to be applied mechanistically," but instead analyzed on a case-by-case basis, *State v. Miller*, 187 Ariz. 254, 259, 928 P.2d 678, 683 (App. 1996).

¶24　　　　Beginning with the first *Allred* factor, V.S. did not deny making the interview statement. Rather, she testified she did not remember if Salazar-Mercado had penetrated her. Accordingly, this factor does not weigh in favor of or against admitting the detective's testimony. As to the second factor, Salazar-Mercado asserts there was "every reason to believe" the detective had an interest in the proceeding because "he was

13

the lead detective and sat with the prosecution during the trial." But, a police detective is not "per se 'interested' merely by virtue of his or her involvement in a criminal investigation, absent evidence of some personal connection with the participants or personal stake in the case's outcome." *Id*. at 258, 928 P.2d at 682. Salazar-Mercado has presented no evidence that the detective had a personal connection with the participants or a personal stake in the outcome of the case. Likewise, concerning the third factor, Salazar-Mercado does not question the reliability of the detective's testimony on any other ground. Turning to the final two factors, we agree with the parties that the statement "had a clear substantive purpose"—both as evidence of Salazar-Mercado's guilt and to illustrate that the allegation occurred several years after the incident—and was the only evidence Salazar-Mercado had digitally penetrated V.S. On balance, two factors favor admission and two weigh against.

¶25 We are mindful that in *Allred* our supreme court primarily was concerned that the truth-finding objectives of trial would be "compromised when the key issue of guilt or innocence is likely to turn upon resolution of an issue of credibility in a 'swearing contest' between interested witnesses." 134 Ariz. at 277-78, 655 P.2d at 1329-30; *see also State v. Cruz*, 128 Ariz. 538, 540, 627 P.2d 689, 691 (1981) (prior inconsistent statement inadmissible where "possibility of prejudice is inordinately high and the reliability of the statement requires resolution of a swearing contest between the declarant and the person to whom the statement was allegedly made"). That concern simply is not present here.

14

**¶26** We conclude the use of the detective's impeaching testimony as substantive evidence of Salazar-Mercado's guilt was not unduly prejudicial and did not outweigh the probative value of the evidence. Therefore, Salazar-Mercado has not demonstrated the trial court committed error, much less fundamental, prejudicial error, in admitting the statement. *Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607.

### Disposition

**¶27** Salazar-Mercado's convictions and sentences are affirmed.


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge