NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD ROBERT WELLS, *Appellant.*

No. 1 CA-CR 13-0701
FILED 10-30-2014

---

Appeal from the Superior Court in Yuma County
No. S1400CR200900686
The Honorable John Neff Nelson, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By David A. Simpson
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

¶1 Ronald Robert Wells was convicted by a jury on five counts of sexual conduct with a minor and two counts of furnishing harmful items to a minor. The trial court imposed three consecutive life terms on three of the convictions for sexual conduct with a minor together with consecutive and concurrent prison terms totaling an additional forty-two-and-a-half years on the four other convictions. On appeal, Wells argues the trial court erred by allowing expert testimony on child sexual abuse victims and by denying his motion for mistrial. He also argues the evidence was insufficient to support a finding of territorial jurisdiction for one of the convictions. For reasons that follow, we affirm.

**ANALYSIS**

*Expert Testimony*

¶2 The charges of sexual conduct with a minor were based on allegations that Wells engaged in various acts of sexual conduct with the victim when she was twelve and thirteen years old. At trial, the State presented testimony from the victim, the victim's mother, and Dr. Wendy Dutton, a forensic interviewer employed by Phoenix Children's Hospital, who holds a Ph.D. in justice studies. Dr. Dutton testified as a "blind" expert, meaning she had no knowledge about the victim in this case and would not offer any opinions specific to her. Instead, she testified generally about child sexual abuse victims, informing the jury about the research in the field of child sexual abuse and her own experience in that field.

¶3 Wells filed a pretrial motion seeking to preclude the State from calling Dutton as a witness based on a claim of untimely disclosure. In the alternative, Wells requested that an evidentiary hearing be held on whether her testimony on child sexual abuse victims is properly admissible under Arizona Rule of Evidence ("Rule") 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The trial court heard argument on the motion before trial. At the conclusion of the hearing, the trial court

denied the motion, including the request for an evidentiary hearing, ruling that Dutton was qualified to offer expert testimony on child sexual assault victims and that her proposed testimony related to the facts of the case.

**¶4** Wells argues that the trial court erred in admitting Dutton's testimony on child sexual assault victims and, at a minimum, should have conducted an evidentiary hearing on the admissibility of her testimony. We review a trial court's ruling on the admissibility of expert testimony for abuse of discretion. *State v. Chappell*, 225 Ariz. 229, 235, ¶ 16, 236 P.3d 1176, 1182 (2010). We likewise review a trial court's decision on whether to hold an evidentiary hearing on the admissibility of expert testimony for abuse of discretion. *State v. Favela*, 234 Ariz. 433, 436-37, ¶ 12, 323 P.3d 716, 719-20 (App. 2014).

**¶5** Rule 702 governs the admissibility of expert testimony. This rule permits expert testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Ariz. R. Evid. 702. Rule 702 was amended to the current version, effective January 1, 2012, to conform to its federal counterpart. Ariz. Sup. Ct. Order No. R-10-0035 (Sept. 8, 2011). As a result of the amendment, Arizona abandoned the general-acceptance test set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), for evaluating the admissibility of expert testimony and adopted the reliability-assessment framework announced in *Daubert* and codified in Federal Rule of Evidence 702. Ariz. R. Evid. 702, cmt. to 2012 amend.; *see also* Fed. R. Evid. 702, Advisory Comm. Notes, 2000 amend.

**¶6** Wells asserts the trial court should have precluded Dutton's expert testimony under Rule 702 because her testimony is comprised of information already within the jurors' knowledge, does not fit the facts of

the case, lacks sufficient facts or data, and is unreliable. In denying the motion to preclude, the trial court cited to this court's decisions in *State v. Curry*, 187 Ariz. 623, 931 P.2d 1133 (App. 1996), and *State v. Salazar-Mercado*, 232 Ariz. 256, 304 P.3d 543 (App. 2013), as supporting the admission of Dutton's testimony. In *Curry*, we held that Dutton, based on her background and experience, was qualified to testify as an expert on the behavioral characteristics of child sexual abuse victims and that her testimony was properly admissible under the prior version of Rule 702 in accordance with the then applicable *Frye* test. 187 Ariz. at 628-29, 931 P.2d at 1138-39. More recently, in *Salazar-Mercado*, Division Two of this court upheld admission of expert testimony by Dutton on child sexual assault victims as a "blind" expert under the current version of Rule 702, applying the *Daubert* standard. 232 Ariz. at 259-263, ¶¶ 4-19, 304 P.3d at 546-550.

¶7 We find no merit to Wells's claim that Dutton's testimony should have been precluded on the grounds that the area of her testimony is well-understood by laypeople and therefore her testimony would not provide any help to the jury. Our supreme court granted review of Division Two's decision in *Salazar-Mercado*, and though the court vacated the portion of that opinion addressing Dutton's testimony and depublished the remainder of Division Two's decision, it upheld the admission of Dutton's expert testimony on its own analysis and affirmed Mercado's convictions and sentences. *State v. Salazar-Mercado*, 234 Ariz. 590, 595, ¶ 21, 325 P.3d 996, 1001 (2014). In its decision, our supreme court specifically held that Dutton's expert testimony satisfied the requirement for admissibility under the current version of Rule 702(a) because her testimony might have helped the jury to understand the possible reason for delayed reporting. *Id.* at 594, ¶ 15, 325 P.3d at 1000. As in *Salazar-Mercado*, the victim in the present case delayed reporting the alleged sexual assaults and among the matters addressed by Dutton's testimony was the subject of delayed reporting by child victims of sexual assault.

¶8 We further reject the argument that Dutton's expert testimony should have been precluded because it did not "fit" the facts of the case. In making this claim, Wells complains Dutton's testimony addressed aspects of child sexual assault victims that had no application to the particular victim in the present case, such as children with disabilities or low self-esteem and the concepts of piecemeal disclosure, disassociation, adaptive responses, and coping mechanisms. To the extent Dutton may have testified on topics with no direct relation to the victim in this case, Wells could have objected to that testimony on relevancy grounds. No objection, however, was made at trial by Wells to the particular testimony now claimed to be irrelevant and no showing is made of the element of prejudice

necessary to obtain relief under fundamental error review. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005). That a witness might testify on an irrelevant matter does not constitute a basis to preclude the entirety of the witness's testimony. Our supreme court's decision in *Salazar-Mercado* disposes of Wells's argument that Dutton's testimony should have been precluded because it did not "fit" the facts of the case. *See Salazar-Mercado* at 594, ¶ 14, 325 P.3d at 1000.

**¶9** Finally, like our supreme court in *Salazar-Mercado*, we decline Wells's request that this court "take a fresh look" at the admissibility of expert testimony that generally explains the behavioral characteristics of child sexual abuse victims. Wells did not present any studies or testimony to undermine Dutton's testimony and similar to our supreme court, this court is not in the position to review the admissibility of such testimony without an adequate factual record. *See Salazar-Mercado*, 234 Ariz. at 594, ¶ 16, 325 P.3d at 1000 (holding the court will not review the admissibility of testimony regarding the behavior of child sexual abuse victims without a sufficient record).

**¶10** Testimony addressing the behavioral traits of child sexual abuse victims is not always admissible. *Id.* at 595, ¶ 20, 325 P.3d at 1001. In considering the admissibility of expert testimony under the new amended version of Rule 702, the trial court is obligated to act as a "gatekeeper" to keep out irrelevant or unreliable expert testimony. *Id.* at 593, ¶ 9, 325 P.3d at 999. The rule as amended is not, however, "intended to permit a challenge to the testimony of every expert, preclude the testimony of experience-based experts, or prohibit testimony based on competing methodologies within a field of expertise." Ariz. R. Evid. 702, cmt. to 2012 amend. Where expert testimony has been well-established as admissible under the prior Rule 702 *Frye* standard, absent some novel challenge or argument being raised that the previously admissible evidence now fails under Rule 702 *Daubert* standard, the evidence remains admissible. *Favela*, 234 Ariz. at 435-36, ¶ 7, 323 P.3d at 718-19.

**¶11** With respect to Dutton's testimony, the trial judge stated that he was familiar with her testimony and observed that Arizona has long accepted the admissibility of her expert testimony on the behavior and characteristics of child sexual assault victims. On this record, the State's proffer regarding Dutton's testimony satisfied the requisite preliminary showing that the expert testimony at issue would be helpful to the jury and admissible. *See Salazar-Mercado*, 234 Ariz. at 594, ¶¶ 18-19, 325 P.3d at 1000. Although Wells requested an evidentiary hearing on the admissibility of Dutton's testimony, he did not present any studies, testimony, or evidence

to the trial court calling into question the previous decisions regarding the reliability or admissibility of her testimony on child sexual assault victims. Indeed, when the trial court inquired whether Wells had anything that would raise a question concerning the admissibility of Dutton's testimony, his counsel indicated that she simply wanted to cross-examine Dutton on her methods and reliability. Under such circumstances, the trial court did not abuse its discretion in refusing to hold an evidentiary hearing on the admissibility of Dutton's testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (holding a trial court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"); *Glazer v. State*, 234 Ariz. 305, 315, ¶ 28, 321 P.3d 470, 480 (App. 2014) ("Although a court has the discretion to hold a pretrial evidentiary hearing to address admissibility under Arizona Rule of Evidence 702, such a hearing is not mandatory."); *State v. Perez*, 233 Ariz. 38, 43, ¶ 19, 308 P.3d 1189, 1194 (App. 2013) (holding "trial court has broad discretion to determine the reliability of evidence and need not conduct a hearing to make a *Daubert* decision"). "Because nothing in this record refuted the State's preliminary showing that Dutton's testimony satisfied Rule 702, the trial court acted within its discretion in admitting it." *Salazar-Mercado*, 234 Ariz. at 595, ¶ 19, 325 P.3d at 1001.

*Motion for Mistrial*

¶12 Wells argues that the trial court erred by denying his motion for mistrial. The request for mistrial was based on the prosecutor asking a defense expert whether he testified for the defense at the Jodi Arias trial. Wells asserts that the question constituted prosecutorial misconduct as it involved an appeal to prejudice in seeking to associate the defense expert with Arias's murder trial. The trial court denied the motion, ruling that the cases in which the expert had previously testified was a legitimate area of inquiry and that there was no prejudice to the defense.

¶13 "A mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Adamson*, 136 Ariz. 250, 262, 665 P.2d 972, 984 (1983). We review the denial of a motion for mistrial for abuse of discretion. *State v. Dann*, 205 Ariz. 557, 570, ¶ 43, 74 P.3d 231, 244 (2003). "The trial judge's discretion is broad because he is in the best position to determine whether the evidence will actually affect the outcome of the trial." *State v. Jones*, 197 Ariz. 290, 304, ¶ 32, 4 P.3d 345, 359 (2000) (internal citation omitted). "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting

conviction a denial of due process.'" *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26, 969 P.2d 1184, 1191 (1998) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). To justify a new trial, the prosecutorial misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.* (citations omitted).

**¶14** We find no abuse of discretion in the denial of the motion for mistrial. Regardless of the prosecutor's intent in asking the question, the incident at issue consisted of a single question in a lengthy cross-examination of the defense expert. No further mention was made by the prosecutor of Jodi Arias at any other point in the trial. Moreover, no claim is made of any other prosecutorial misconduct during the cross-examination of the expert or at any other part of the trial. On this record, the trial court could reasonably conclude that the prosecutor's question would have no unfair prejudicial effect on the outcome of the trial.

*Territorial Jurisdiction*

**¶15** The victim testified that most of the incidents in which Wells had her engage in sexual intercourse occurred in the homes where they lived in Yuma. One of the convictions for sexual conduct with a minor, however, was based on the victim's testimony that Wells had sexual intercourse with her in a van out in the desert. Wells argues that because there are many deserts surrounding Yuma, including in nearby California and Mexico, the evidence was not sufficient to establish territorial jurisdiction in Arizona for the offense committed in the van. We disagree.

**¶16** In considering a claim of insufficient evidence, our review is limited to whether substantial evidence exists to support the verdict. *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993); *see also* Ariz. R. Crim. P. 20(a) (directing that the court shall enter judgment of acquittal "if there is no substantial evidence to warrant a conviction"). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence to support a conviction may be either circumstantial or direct. *State v. Pena*, 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005). We review a claim of insufficient evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).

**¶17** Arizona has territorial jurisdiction to prosecute a defendant for a criminal offense if any element of the offense occurs within the state. A.R.S. § 13-108(A)(1) (West 2014). When jurisdictional facts are in dispute,

they must be proven by the State beyond a reasonable doubt. *State v. Willoughby*, 181 Ariz. 530, 538, 892 P.2d 1319, 1327 (1995). In the instant case, however, no issue was raised by Wells at trial regarding territorial jurisdiction over the offense of sexual conduct with a minor committed in the van. In any event, the circumstantial evidence was sufficient to support a finding that Wells committed this offense in Arizona.

**¶18** Wells resided with the victim in Yuma, Arizona. The victim testified that Wells took her out to the desert in the van, but there was no evidence presented that they ever crossed the border into either California or Mexico. Under these circumstances, in the absence of any evidence that the offense occurred outside the state, the fact that both the victim and Wells resided in Yuma is sufficient evidence to support the inference that the offense occurred in Arizona as opposed to outside the state. *See State v. Fischer*, 219 Ariz. 408, 419, ¶ 42, 199 P.3d 663, 674 (App. 2008). The mere possibility that the offense might have occurred somewhere other than Arizona does not controvert the evidence supporting territorial jurisdiction. The State need not disprove "every conceivable hypothesis of innocence when guilt has been established by circumstantial evidence." *State v. Nash*, 143 Ariz. 392, 404, 694 P.2d 222, 234 (1985).

## CONCLUSION

**¶19** Finding no error, we affirm the convictions and sentences.

