NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CURTIS MONTGOMERY, *Appellant*.

No. 1 CA-CR 15-0386
FILED 7-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2012-155696-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge John C. Gemmill joined.

---

**T H U M M A**, Judge:

**¶1**         A jury convicted Curtis Montgomery of sexual abuse, molestation of a child and ten counts of sexual conduct with a minor, all dangerous crimes against children. The superior court sentenced Montgomery to consecutive life sentences with the possibility of parole after 35 years for the sexual conduct with a minor convictions and to lesser prison terms for the other convictions. From Montgomery's timely appeal challenging the admissibility of expert testimony from Wendy Dutton, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9 and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A) (2016), [1] 13-4031 and -4033. Because Montgomery has shown no error, his convictions and resulting sentences are affirmed.

## FACTS[2] AND PROCEDURAL HISTORY

**¶2**         The State alleged Montgomery committed the offenses from 2010 to 2012 and that the victim was eight to ten years of age at the time. The State disclosed Dutton as a "cold" expert to testify at trial about general characteristics of child sexual abuse victims. Dutton was a forensic interviewer who had interviewed children who were victims of crime and/or witnesses to crime for many years. Dutton's opinions were based on research and her experience, but not on her interaction with the victim.

**¶3**         Montgomery moved in limine to preclude Dutton's testimony and requested an evidentiary hearing. Montgomery conceded that Dutton had testified about the characteristics of child sexual abuse victims for

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

decades.[3] Montgomery argued, however, that the court was required to reassess Dutton's qualifications and the reliability of her testimony, particularly given amendments to the Arizona Rules of Evidence effective January 1, 2012. *State v. Salazar-Mercado*, 234 Ariz. 590, 591 ¶ 1 (2014).

¶4       Without holding an evidentiary hearing, the superior court denied Montgomery's motion in limine. The court held Arizona Rule of Evidence Rule 702 did not bar "cold" expert testimony so long as the witness was qualified, the testimony would properly assist the trier of fact and the testimony fit the facts of the case. Noting the court had heard Dutton testify previously and was familiar with her testimony, as well as case law addressing her testimony and that Montgomery failed to show an evidentiary hearing was needed, the court denied the request for a hearing.

¶5       At trial, Dutton testified about her education, training, and experience, including how she had forensically interviewed more than 8,500 children. She testified she knew nothing about the case, but was there to testify about the general characteristics of child victims of sexual abuse and about forensic interviews. She did not express any opinion on whether anyone was sexually abused.

¶6       Dutton addressed the types of problems a child can develop as a result of sexual abuse and explained the presence or absence of those problems does not mean a child was sexually abused. Dutton discussed what she called misconceptions people may have about how children respond to sexual abuse and the wide range of reactions children have when they discuss sexual abuse. Dutton also explained how perpetrators of child sex crimes engage in the "process of victimization." At the end of her testimony, Dutton reiterated the information she provided was based on research, that she did not know whether any of the information applied to the facts of this case and that she was a "blind" expert.[4]

---

[3] Dutton's testimony has been the subject of several appellate opinions. *See*, e.g., *State v. Salazar-Mercado*, 234 Ariz. 590 (2014); *State v. Ortiz*, 238 Ariz. 329 (App. 2015); *State v. Buccheri-Bianca*, 233 Ariz. 324 (App. 2013); *State v. Curry*, 187 Ariz. 623 (App. 1996).

[4] Dutton did not reference Child Sexual Abuse Accommodation Syndrome ("CSAAS"). *See Salazar-Mercado*, 234 Ariz. at 591 ¶ 2.

**DISCUSSION**

¶7        This court reviews the admission of expert testimony for an abuse of discretion. *State v. Hyde*, 186 Ariz. 252, 276 (1996) (citing cases). As applicable here,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; [and] (c) the testimony is the product of reliable principles and methods.

Ariz. R. Evid. 702(a)-(c).[5] "[W]hen applying rule 702, 'trial courts should serve as gatekeepers in assuring that proposed expert testimony is reliable and thus helpful to the jury's determination of facts at issue.'" *Preston v. Amadei*, 238 Ariz. 124, 134 ¶ 36 (App. 2015) (quoting Ariz. R. Evid. 702 cmt. to 2012 amend.). "The court's role as gatekeeper, however, does not supplant 'traditional jury determinations of credibility and the weight to be afforded otherwise admissible testimony.'" *Id*. "[T]he essential inquiry under the rule is 'whether particular expert testimony is reliable[,]' and trial courts should consider the Rule 702 factors when 'they are reasonable measures of the reliability of expert testimony.'" *Preston*, 238 Ariz. at 134 ¶ 35 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999)). Applying these directives, the court did not abuse its discretion by admitting Dutton's testimony without an evidentiary hearing.

¶8        Arizona has long held that expert testimony regarding the characteristics of child victims of sexual offenses may be admissible. *See Salazar-Mercado*, 234 Ariz. at 594 ¶ 15; *State v. Lopez*, 170 Ariz. 112, 118 (App. 1991); *State v. Tucker*, 165 Ariz. 340, 346 (App. 1990). Where the proper showing is made under Rule 702, the superior court has substantial discretion to admit such evidence. *See Salazar-Mercado*, 234 Ariz. at 594 ¶ 15. Although expert witnesses may not testify to the credibility of another witness or the type of witness under consideration, *State v. Lindsey*, 149

---

[5] Ariz. R. Evid. 702(d) does not apply to "cold" or "blind" experts who do not apply their principals and methods to the facts of the case. *Salazar-Mercado*, 234 Ariz. at 592 ¶ 6.

Ariz. 472, 475 (1986), Dutton did not do so here. Moreover, the 2012 amendments to Rule 702 do not make Dutton's testimony inadmissible. *See generally Salazar-Mercado*, 234 Ariz. at 592-95 ¶¶ 5-20.

**¶9**        Contrary to Montgomery's argument on appeal, the superior court was not required to hold a pretrial evidentiary hearing. Whether to hold such a hearing is within the superior court's discretion. *State v. Perez*, 233 Ariz. 38, 43 ¶ 19 (App. 2013); *Glazer v. State*, 234 Ariz. 305, 315 ¶ 28 (App. 2014), *vacated in part on other grounds*, 237 Ariz. 160, 168 ¶ 36 (2015). Based on the parties' submissions, the court's familiarity with Dutton's testimony and appellate decisions addressing the admissibility of her testimony, Montgomery has not shown the court abused its discretion in denying the request for an evidentiary hearing. And the fact that Dutton's testimony was largely based on her own experience does not alter this conclusion; "Rule 702 does not prohibit 'the testimony of experience-based experts.'" *Preston*, 238 Ariz. at 134 ¶ 36 (quoting Ariz. R. Evid. 702 cmt. to 2012 amend.).

## CONCLUSION

**¶10**        Montgomery's convictions and resulting sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA