312 P.3d 140

**STATE of Arizona, Appellee,**

v.

**Leroy MONTGOMERY, Appellant.**

**No. 1 CA–CR13–0654.**

Court of Appeals of Arizona, Division 1.

Nov. 12, 2013.

Arizona Attorney General's Office by Joseph T. Maziarz, Phoenix, Counsel for Appellee.

Christopher Winchell, Tempe, Counsel for Appellant.

## OPINION

GOULD, Judge.

¶ 1 Appellant Leroy Montgomery ("Montgomery") seeks reconsideration of this court's order dismissing his appeal as untimely. Montgomery relies on *State v. Whitman*, 232 Ariz. 60, 301 P.3d 226 (App.2013), in which a divided panel of this court held that the time for filing the notice of appeal in a criminal case runs from the filing of the minute entry containing the judgment and sentence. For the reasons discussed below, we respectfully disagree with the majority opinion in *Whitman*, and conclude that the relevant rules of criminal procedure clearly provide that the time for filing a notice of appeal runs from the date of sentencing. We therefore deny Montgomery's motion for reconsideration.

## Background

¶ 2 Montgomery was sentenced on August 16, 2013. The minute entry containing the judgment and sentence was filed on August 19. Arizona Rule of Criminal Procedure 31.3 provides in part that a notice of appeal must be filed "within 20 days after the entry of judgment and sentence." Twenty-four days after the court sentenced Montgomery, but twenty days after the minute entry memorializing the judgment and sentence was filed, Montgomery filed his notice of appeal. Because Montgomery's notice of appeal was not filed within twenty days of the date of sentencing, this court dismissed the appeal for lack of jurisdiction. *See State v. Littleton*, 146 Ariz. 531, 533, 707 P.2d 329, 331 (App. 1985) (time limits for filing the notice of appeal are jurisdictional).

## The *Whitman* opinion

¶ 3 Whitman was sentenced on December 7, 2011. The sentencing minute entry was filed on December 9. Whitman filed his notice of appeal on December 28. Calculating the time for filing the notice of appeal from the day of sentencing, the state argued Whitman's notice was untimely. Whitman first agreed that he had twenty days from the date of sentencing to file his notice. *Whitman*, 232 Ariz. at 75, n. 11, ¶ 61, 301 P.3d at 241, n. 11. Thus, he conceded that his notice had been untimely filed. *Id.*, at 61, ¶ 3, 301 P.3d at 227. However, after the court ordered supplemental briefing, Whitman changed his position and argued that his notice had been timely filed because the time for filing the notice runs from the date the sentencing minute entry is filed.

¶ 4 On appeal, the majority in *Whitman* determined that because our rules of criminal procedure do not expressly state when the "entry" of judgment and sentence occurs, there is an "ambiguity regarding the time for taking an appeal." *Id.*, at 62, ¶ 4, 301 P.3d at 228. To resolve this ambiguity and to ascertain the intent of our supreme court, the majority analyzed the history of our criminal rules and comments to those rules. The court also compared the criminal rules to civil rules and cases addressing the entry of judgment, and concluded that entry of judgment and sentence occurs when a minute entry is filed with the clerk of the court.

¶ 5 Judge Miller dissented, concluding that Ariz. R.Crim. P. 26.16(a) resolved any possible ambiguity:

[T]he rule's plain statement that judgment and sentence "are complete and valid as of the time of their oral pronouncement in open court," makes the clause unambiguous. Ariz. R.Crim. P. 26.16(a). Entry of judgment and sentence occurs at the time of sentencing and it starts the clock for filing a notice of appeal. See Ariz. R.Crim. P. 26.16(a), 31.3, 41, Form 23.

*Id.* at 70, ¶ 41, 301 P.3d at 236.

¶ 6 Judge Miller noted that Ariz. R.Crim. P. 41, Form 23, was also "an equally clear statement of [when] entry of judgment and sentence" occurs. Form 23 advises a defendant that the notice of appeal must be filed within twenty days of the entry of judgment and sentence and that "the entry of judgment and sentence occurs at the time of sentencing."

### The Entry of Judgment and Sentence Occurs at Sentencing

██ ¶ 7 While we respect the views of the majority in *Whitman*, we agree with the dissent. Attempting to resolve the issue, the *Whitman* majority noted that it had "tread[ed] lightly in attempting to divine the supreme court's intent when such intent has not been clearly expressed." *Id.*, at 68, ¶ 30, 301 P.3d at 234. However, we believe the supreme court has expressed its intent, or understanding, that the entry of judgment and sentence occurs at sentencing.

¶ 8 In *Maricopa Cnty. Juv. Action No. JS–8441*, 174 Ariz. 341, 849 P.2d 1371 (1992), the issue was whether the father's notice of appeal had been timely filed. The minute entry order father appealed from had the date "10–18–90" stamped in the upper left hand corner. Elsewhere on the minute entry, the word "Received" was stamped on the document with a corresponding date of October 25, 1990, and the word "Processed" was also stamped on the document with a date of October 25, 1990. Under the facts of the case, if the October 18 date controlled, the notice of appeal was untimely, but if the

October 25 date was the operative date, the notice was timely.

¶ 9 After describing Maricopa County's "confusing" practice regarding minute entries, and the frustrations this confusion had created when trying to calculate time periods, the supreme court held that "the last official date" on the Maricopa County minute entry would be used as the filing date. The court stated:

Civil judgments which are not minute entries are file stamped and, thus, there is no confusion about the date from which the appeal lies. But judgments which are minute entries are infected with the same confusion which infects the juvenile minute entry in this case.

In the best of all worlds, all judgments or orders from which appeals lie in any kind of case would be clear and free of confusion. Examples are the non-minute entry civil judgment with a file stamp date and, *in criminal cases, the oral pronouncement of judgment at the time of sentencing under Rule 26.2(b), Ariz.R.Crim.P.* (Emphasis added.)

*Id.*, 174 Ariz. at 342–43, 849 P.2d at 1372–73. This final comment, particularly given the context in which it was made, reflects our supreme court's understanding that the time for filing a notice of appeal in a criminal case runs from the date of sentencing. This understanding is consistent with the express language of Rule 26.2(b), which provides in part that judgment upon conviction "shall be pronounced *and entered together with the sentence*." (Emphasis added.) Likewise, Rule 26.16(a), entitled "Entry of Judgment and Sentence; Warrant of Authority to Execute Sentence," provides in relevant part "the judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court."

¶ 10 Finally, Rule 26.16(b) provides that at sentencing the court "shall forthwith" enter the judgment and sentence in the court's minutes. No further action or any written judgment is required pursuant to the rule.[1]

---

1. This of course is in marked contrast to civil cases. As noted in *Sims v. Ryan,* 181 Ariz. 330, 331–32, 890 P.2d 625, 626–27 (App.1995):

In criminal proceedings, to avoid delay, judgments are complete when orally pronounced and entered in court minutes; no signed judgment or signed minute entry is needed to sup-

As a result, the sentencing court's minute entry will, of necessity, be dated that same day because judgment is entered in the court's minutes at sentencing. It is irrelevant for purposes of the entry of judgment when the clerk of the court files the minute entry.

¶ 11 We do not believe the above criminal rules are ambiguous. Over fourteen years ago, we observed in *State v. Rosario*, 195 Ariz. 264, 987 P.2d 226 (App.1999), that the time for filing a notice of appeal in a criminal case runs from the date of sentencing. In determining whether Rosario's notice of post-conviction relief of-right [2] was timely filed we stated:

> A defendant must file a notice of post-conviction relief "within ninety days of the entry of judgment and sentence" . . .

> In a criminal action, the "sentence is complete and valid when orally pronounced in open court and entered in the minutes without anything further or any written judgment." *State v. James*, 110 Ariz. 334, 337, 519 P.2d 33, 36 (1974); *see Juvenile Action No. JS–8441*, 174 Ariz. 341, 343, 849 P.2d 1371, 1373 (1992). As reflected in the record, Rosario's sentence was pronounced on December 16, 1994, thus marking the beginning of the ninety-day period.

*Id.*, at 266, ¶ ¶ 7–8, 987 P.2d at 228 (App. 1999). Whether the court enters the judgment in its minutes simultaneously with the oral pronouncement, or "forthwith," the rules unambiguously provide that judgment is entered at sentencing.[3]

**Conclusion**

¶ 12 Rule 26.2(b) provides that judgment shall be entered at the time of sentencing. Rule 26.16(a) provides that the judgment and sentence are complete upon oral pronouncement in open court. Rule 26.16(b) requires the court to "forthwith" enter the judgment and sentence in the court's minutes, and Rule 41, Form 23, advises the defendant that "the entry of judgment and sentence occurs at sentencing." Rule 31.3 requires that the notice of appeal must be filed within twenty days after the entry of judgment. Therefore, the time for filing the notice of appeal is calculated from the date of sentencing. Because Montgomery's notice was not filed within that time, his appeal was properly dismissed.

¶ 13 For the reasons set forth in this opinion, Montgomery's motion for reconsideration is denied.

Presiding Judge ANDREW W. GOULD delivered the opinion of the Court, in which Judge DONN KESSLER and Judge MICHAEL J. BROWN joined.

---

port an appeal. *State v. Dowthard*, 92 Ariz. 44, 48, 373 P.2d 357, 359 (1962).

**2.** *Rosario* involved the notice of a petition for post-conviction relief of-right, which for our purposes is the functional equivalent of a direct appeal. *See State v. Ward*, 211 Ariz. 158, 161–62, ¶ 9, 118 P.3d 1122, 1125–26 (App.2005).

**3.** We note delayed appeals may be allowed to criminal defendants when their attorneys have failed to timely appeal. *See* Rule 32.1(f); *State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 78, 796 P.2d 876, 880 (1990).