IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Appellee,*

*v.*

BRADY WHITMAN, JR.,
*Appellant.*

No. CR-13-0201-PR
Filed April 9, 2014

Appeal from the Superior Court in Pima County
The Honorable Howard L. Fell, Judge Pro Tempore
No. CR20110393-001
**APPEAL DISMISSED**

Opinion of the Court of Appeals, Division Two
232 Ariz. 60, 301 P.3d 226 (2013)
**VACATED**

COUNSEL:

Thomas C. Horne, Attorney General, Robert L. Ellman, Solicitor General, Joseph T. Maziarz, Section Chief Counsel, Phoenix, David A. Sullivan (argued), Assistant Attorney General, Criminal Appeals Section, Tucson, for State of Arizona

Law Offices Pima County Legal Defender, Scott A. Martin (argued), Legal Defender, Tucson, for Brady Whitman, Jr.

David J. Euchner (argued), Tucson, for Amici Curiae Arizona Attorneys for Criminal Justice and Pima County Public Defender

CHIEF JUSTICE BERCH authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

_____

CHIEF JUSTICE BERCH, opinion of the Court:

**¶1**       Arizona Rule of Criminal Procedure 31.3 requires that a notice of appeal be filed "within 20 days after the entry of judgment and sentence." We granted review to determine whether "entry," as used in Rule 31.3, occurs when the judge pronounces the sentence in open court or instead when the clerk files the minute entry memorializing the judgment and sentence. We conclude that entry occurs when the sentence is pronounced and that defendants have twenty days from that date to file a notice of appeal. Accordingly, we hold that the notice of appeal in this case was untimely.

## I. BACKGROUND

**¶2**       A jury convicted Brady Whitman, Jr. of four counts of aggravated DUI. He was sentenced on December 7, 2011, and the court clerk filed the minute entry memorializing his sentence on December 9. Whitman filed his notice of appeal on December 28, twenty-one days after his sentencing, but only nineteen days after the minute entry was filed.

**¶3**       The State challenged the notice as untimely. In a split decision, the court of appeals concluded that Rule 31.3 is ambiguous and that Whitman should not be penalized for failing to ascertain its meaning. *State v. Whitman*, 232 Ariz. 60, 62, 66 ¶¶ 4, 21-23, 301 P.3d 226, 228, 232 (App. 2013). Thus, it held that "the timeliness of a criminal defendant's appeal may be measured from the date when the minute entry containing the judgment and sentence was filed." *Id.* at 66 ¶ 23, 301 P.3d at 232.

**¶4**       We granted review to determine the meaning of "entry" in Rule 31.3, a legal issue of statewide importance, and to resolve conflicting

opinions rendered by the court of appeals.[1]  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.  DISCUSSION

**¶5**        We review the interpretation of court rules de novo, *State v. Fitzgerald*, 232 Ariz. 208, 210 ¶ 10, 303 P.3d 519, 521 (2013), applying principles of statutory construction, *Chronis v. Steinle*, 220 Ariz. 559, 560 ¶ 6, 208 P.3d 210, 211 (2009).

**¶6**        We look first at the language of the rule and attempt "to give effect to the intent of the rule-makers."  *Id.*  With two exceptions not at issue here, Rule 31.3 provides that "[t]he notice of appeal shall be filed with the clerk of the trial court within 20 days after the entry of judgment and sentence."  It does not define the phrase "entry of judgment and sentence."

**¶7**        Rule 31.3 yields two reasonable interpretations.  "Entry of judgment and sentence" could mean, and hence the time to appeal could run from, either the date the judge pronounces sentence in open court or the date the judgment is entered into the minutes.  Ambiguity exists when a rule may be reasonably understood in two or more ways. *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994) (observing that ambiguity exists if a text "allows for more than one reasonable interpretation"); *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534, 647 P.2d 1127, 1132 (1982) (analyzing insurance contract and stating that ambiguity exists when language "can be reasonably construed in more than one sense").  We therefore agree with the court of appeals that Rule 31.3 is ambiguous.  *See Whitman*, 232 Ariz. at 62 ¶ 4, 301 P.3d at 228.

**¶8**        Because the intended meaning is not clear, we examine "the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose" as guides to its proper interpretation.  *Chronis*, 220 Ariz. at 560 ¶ 6, 208 P.3d at 211 (quoting *State v. Aguilar*, 209 Ariz. 40, 47 ¶ 23, 97 P.3d 865, 872

---

[1]        *Compare Whitman*, 232 Ariz. at 68 ¶ 30, 301 P.3d at 234, *with State v. Montgomery*, 233 Ariz. 341, 344 ¶ 12, 312 P.3d 140, 143 (App. 2013).

(2004)). And we read rules in "light of and in connection with" other related rules. *State v. Treadway*, 88 Ariz. 420, 421, 357 P.2d 157, 158 (1960); *see also State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (explaining that related statutes should be harmonized).

¶9 Interpreting "entry" to occur at the time of oral pronouncement of judgment and sentence permits the most consistent reading among the Rules of Criminal Procedure. Rule 26.16(a), titled "Entry of Judgment and Sentence," states that "[t]he judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court." Ariz. R. Crim. P. 26.16(a). Although subsection (a) indicates that a judgment is entered when it is pronounced, subsection (b) confuses matters somewhat by requiring "[t]he court or person authorized by the court [to] forthwith enter the exact terms of the judgment and sentence in the court's minutes." *Id.* R. 26.16(b). Hence, "entry," as it is used in subsection (a), occurs at oral pronouncement, but the act of entering the judgment and sentence in subsection (b) occurs when they are recorded in the minutes. Thus, Rule 26.16 does not resolve the meaning of "entry" for purposes of Rule 31.3. We therefore turn to other rules and comments to inform our interpretation.

¶10 First, Rule 31.8 requires court reporters to transcribe the "[e]ntry of judgment and sentence." *Id.* R. 31.8(b)(2)(iii). Because a court reporter transcribes spoken words, this rule suggests that "entry" occurs at the pronouncement of sentence rather than when the minute entry is prepared or filed.

¶11 Second, Rule 26.11 requires the sentencing court to "[i]nform the defendant of his or her right to appeal . . . and advise the defendant that failure to file a timely appeal will result in the loss of the right." *Id.* R. 26.11(a). The court must then give "the defendant a written notice of these rights and the procedures the defendant must follow to exercise them." *Id.* R. 26.11(c). The comment to Rule 26.11 instructs trial courts to use Form 23 "to notify the defendant of his right[] to appeal." *Id.* R. 26.11 cmt.

¶12 Form 23 provides clear guidance. It states: "You must file a [notice of appeal] (Form 24(a)) within 20 days of the entry of judgment

and sentence. . . . The entry of judgment and sentence occurs at the time of sentencing." *Id.* R. 41, Form 23. Rule 41 explains that the forms provided in the appendix to the rules "are sufficient to meet the requirements" of the Rules of Criminal Procedure and recommends that judges use the forms. At oral argument, counsel acknowledged that Whitman was provided with Form 23 at the time of his sentencing.

¶13 Third, the history of Rule 31.3 and related rules also supports the interpretation we adopt today. Since 1940, defendants have not been permitted to file a notice of appeal until judgment has been entered. *Compare* Rev. Code of Ariz. § 5138 (1928) (measuring time for appeal from "rendition of the judgment or the making of the order"), *with* Ariz. R. Crim. P. 31.3 (measuring time for appeal from "entry of judgment and sentence"); Ariz. R. Crim. P. 348, 17 A.R.S. (1956) (measuring time for appeal from "entry of the judgment or sentence"); Ariz. Code Ann. § 44-2509 (1939) (R. Crim. P. § 420) (measuring time for appeal from date "judgment or sentence . . . is entered"). And until 1973, judgments were final once they had been both "orally pronounced by the court and entered in the minutes." *State v. Johnson*, 108 Ariz. 116, 118, 493 P.2d 498, 500 (1972); *see also* Ariz. R. Crim. P. 325, 17 A.R.S. (1956) (repealed in 1973). But in 1973, the court substantially revised the criminal rules. *See* Sup. Ct. Advisory Comm. on Criminal Rules, *Arizona Proposed Rules of Criminal Procedure*, Intro. (1972) ("*Proposed Rules*"); *see also* John M. Greacen, *The Proposed New Rules of Criminal Procedure—A Preview of The State Bar Committee's Convention Presentation*, 7 Ariz. B.J. 11, 11 (Spring 1972). As part of this effort, the Court substantively changed the rule governing entry of judgment and sentence.

¶14 The Supreme Court's Advisory Committee on Criminal Rules recommended that Rule 29.16(a) (later renumbered as 26.16(a)) read: "Entry of Judgment and Sentence. The notation of the exact terms of the judgment and sentence by the clerk in the docket shall constitute the entry of judgment and sentence." *Proposed Rules* at 132. The proposed comment explained, "This section [was] derived from Fed. R. App. P. 36. The date of the entry of judgment and sentence is the point from which the 20-day time limit for filing a notice of appeal is measured." *Id.* The Court rejected this proposed rule and comment in favor of current Rule 26.16(a), implicitly rejecting the federal model. *Compare* Ariz. R. Crim. P. 26.16 *with*

Fed. R. App. P. 36. This choice suggests that the oral pronouncement of sentence, rather than the preparation or filing of the minute entry, triggers the twenty-day period for filing a notice of appeal.

¶15 Finding the 1973 rule changes inconclusive, *see Whitman*, 232 Ariz. at 67-68 ¶¶ 26-28, 301 P.3d at 233-34, the court of appeals majority cited several cases in support of its conclusion that judgments have historically been appealable only after both oral pronouncement and entry in the clerk's minutes, *id.* at 62-63 ¶¶ 8-9, 301 P.3d at 228-29. But these cases analyzed the criminal rules before the 1973 changes, quoted without analysis language from pre-1973 cases, or addressed civil or juvenile rules of procedure. For civil and juvenile cases, specific rules provide that entry of judgment occurs upon filing. *See* Ariz. R. Civ. P. 58(a); Ariz. R. P. Juv. Ct. 104(A). The criminal rules do not contain a similar provision. We therefore find these cases unhelpful in construing the current criminal rules.

¶16 Cases that address post-1973 criminal sentencing implicitly acknowledge that the time to appeal runs from the sentencing date. *See, e.g.*, *State v. Williams*, 122 Ariz. 146, 153, 593 P.2d 896, 903 (1979) (finding appeal untimely because defendant filed more than one year "after he was sentenced on the charge"); *Burton v. Superior Court*, 27 Ariz. App. 797, 800, 558 P.2d 992, 995 (1977) (citing Rule 26.16 and noting that the sentence "is final and appealable at the time of its 'pronouncement' by the court"); *State v. Fuentes*, 26 Ariz. App. 444, 446, 549 P.2d 224, 226 (1976) (finding appeal untimely when more than twenty days elapsed since defendant's sentencing date).

¶17 Courts have also used the date of oral pronouncement to measure the timeliness of notices for post-conviction relief under Rule 32.4(a), which prescribes a ninety-day limit in language substantially similar to that in Rule 31.3. *See, e.g.*, *State v. Rosario*, 195 Ariz. 264, 266 ¶ 8, 987 P.2d 226, 228 (App. 1999) (noting that defendant's "sentence was pronounced on December 16, 1994, thus marking the beginning of the ninety-day period"); *State v. Jones*, 182 Ariz. 432, 433, 897 P.2d 734, 735 (App. 1995) (considering only date of sentencing to find notice untimely); *compare* Ariz. R. Crim. P. 32.4(a) ("within ninety days after the entry of

judgment and sentence"), *with* Ariz. R. Crim. P. 31.3 ("within 20 days after the entry of judgment and sentence").

**¶18** Finally, a comment to Rule 26.9 explains that "the time for filing a notice of appeal is to run from the entry of judgment and sentence whether or not the defendant is present." Ariz. R. Crim. P. 26.9 cmt. Although this comment incorrectly suggests that sentencing in absentia is permitted, it nonetheless reveals the drafters' intent to measure the time to appeal from the date the sentence is pronounced in open court.

**¶19** Our determination that an appeal's timeliness is measured from the sentencing date comports with the overarching purpose of the criminal rules: to "provide for the just, speedy determination of every criminal proceeding[, and] . . . to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare." *Id.* R. 1.2. Interpreting "entry of judgment and sentence" as occurring at the time of oral pronouncement is simple, fair, and expedient. As provided in Form 23, judges advise defendants at sentencing that they have twenty days from the date of sentencing to appeal, regardless of the date the clerk enters the terms of the judgment and sentence in the minutes.

## III. CONCLUSION

**¶20** We hold that the twenty-day time limit for filing a notice of appeal begins to run on the date of oral pronouncement of sentence. Accordingly, we vacate the opinion of the court of appeals and dismiss the appeal.[2]

---

[2] Whitman is not without a remedy. The State conceded at oral argument that Whitman is entitled to file a late notice of appeal under Arizona Rule of Criminal Procedure 32.1(f), which provides relief to a defendant whose "failure to file a . . . notice of appeal within the prescribed time was without fault on the defendant's part."