NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

STEVE SIMMONS, *Appellee.*

No. 1 CA-CR 13-0569
FILED 09-09-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-030083-001
The Honorable Lisa Ann VandenBerg, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

**¶1**　　　　The State appeals from an order dismissing with prejudice an indictment against Steve Simmons.  The State argues the superior court abused its discretion and the dismissal should have been without prejudice.  For the following reasons, we agree that based on the record presented, the court should not have dismissed the indictment with prejudice.  Accordingly, we vacate the dismissal and remand for entry of an order dismissing the indictment without prejudice.

**FACTUAL AND PROCEDURAL HISTORY**[1]

**¶2**　　　　The State charged Simmons with one count of resisting arrest and two counts of aggravated assault on a police officer.  Simmons claimed self-defense, and filed a motion requesting a history of his arresting officers' past use of force to support his argument.  On May 21, 2013, the superior court denied the motion insofar as it related to violent/aggressive histories, but granted the motion regarding the officers' "truthfulness or any other valid *Brady* concern."[2]  The court specifically ordered that the "motion is granted with respect to any conduct of either officer with respect to their truthfulness or any other valid *Brady* concern.  The court remains available to do an in-camera inspection of the officer's internal files, . . . or, as requested in the alternative by the defendant, *the state should examine such files for the limited purpose outlined* which the court finds is Brady material."

---

[1]  When reviewing an appeal from dismissal with prejudice, we view the facts in the light most favorable to sustaining the superior court's dismissal. *State v. Rasch*, 188 Ariz. 309, 312, 935 P.2d 887, 890 (App. 1996).

[2]　　*Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that withholding exculpatory evidence violates due process "where the evidence is material either to guilt or to punishment").

(Emphasis added.) The State allegedly disclosed only the police department's list of officers who lack integrity, called the integrity list.[3]

¶3 Following a trial continuance to allow both parties to review a recently discovered video of the incident and approximately two weeks after the May 21 order, Simmons moved the court to conduct an in-camera review of the files, contending that the State had not examined the files, but merely asked the officers if there was anything in the files which needed to be disclosed regarding veracity. In its response, the State represented to the court that it had reviewed the files and no relevant or discoverable information had been found. However, the State also disclosed that the prosecutor assigned to the case had not reviewed the files. Rather, the State explained that it conducts "constant monitoring of officer files and records" to comply with *Brady* and that under that constant review the officers "have been found to have no records or issues whatsoever relating to their truthfulness." The next day, which was one day before trial was to begin, the court held a pretrial conference. In response to a question from the court, the prosecutor argued that it partners with local law enforcement on regular reviews of personnel files regarding integrity and truthfulness, but conceded that the County Attorney's office had not reviewed specific information in the files of the officers involved. The court found that it was not appropriate to defer to normal procedures to review these files and ordered that before the officers could testify, one of the two prosecutors "is to review these officers' personnel files that the Tempe Police Department has personally, or . . . submit [them] for this Court to review [for] . . . Brady information."

¶4 At trial the next day, June 12, 2013, the State moved to dismiss the indictment against Simmons without prejudice because the Tempe Police Department needed three days to produce the personnel records. The State asserted if the jury was impaneled jeopardy would attach, and if the State did not get the files in time, it would not be able to call its witnesses. The State also argued that despite Simmons' claims otherwise, he would not suffer prejudice. The superior court dismissed the indictment, but reserved the decision on prejudice and ordered the parties to file memoranda supporting their positions within five days.

¶5 In his memorandum, Simmons asserted the State was trying to gain a tactical advantage by avoiding the time limits in Rule 8 of the Arizona Rules of Criminal Procedure as the last day for trial was July 3,

---

[3] There is no copy of an integrity list in the record on appeal.

2013.[4] He argued the State's dismissal and inability to call witnesses was occasioned by the State's defiance of the May 21 order and the passage of time had already prejudiced him because of lost defense witnesses and lost impounded photographs of his injuries. Simmons did not present any evidence in support of his claim that intentional delays by the State caused him prejudice.

**¶6** On June 20, 2013, the superior court dismissed the indictment with prejudice, by a minute entry filed by the clerk of the court on July 3. The court ruled that the State's motion to dismiss without prejudice was to gain a tactical advantage so that if the internal files were not reviewed or presented for in-camera review, jeopardy would not attach. The court also found Simmons had been prejudiced by the State's failure to comply with the May 21 order, the late disclosed video requiring a trial continuance, and the delay in prosecution and loss of possible defense witnesses. However, because the superior court erroneously concluded the State had not submitted a timely memorandum regarding prejudice the State filed a motion to reconsider. On July 22, while the motion for reconsideration was pending, the State filed a notice of appeal from the July 3 minute entry. The superior court ruled the State's notice of appeal divested the court of jurisdiction to rule upon the motion for reconsideration, but maintained that its dismissal with prejudice was proper regardless of the points raised in the State's memorandum regarding prejudice.[5]

## DISCUSSION

A.      The State's notice of appeal is timely.

**¶7** Relying on *State v. Whitman*, 234 Ariz. 565, 566-67, ¶ 9, 324 P.3d 851, 852-53 (2014), Simmons argues the State's appeal is untimely and must be dismissed because the State did not file a notice of appeal within twenty days of the court's June 20 pronouncement of its ruling dismissing the indictment with prejudice. We disagree.

---

[4] The time limit for the court's jurisdiction over a released defendant's offenses is 180 days from arraignment. Ariz. R. Crim. P. 8.2(a)(2).

[5] Although both parties complied with the superior court's order to submit memoranda on the issue of prejudice, for unknown reasons, the court did not receive the State's memorandum. On August 9, having reviewed the missing documents, the superior court noted that it would not have changed or modified its final ruling of dismissal with prejudice.

**¶8** In *Whitman*, our supreme court held the twenty day time limit for filing a notice of appeal starts on the date of the superior court's oral pronouncement of a sentence, regardless of the date on which the clerk of the court enters the terms of the judgment and sentence in the minutes. 234 Ariz. at 565-66, ¶ 1, 324 P.3d at 851-52.

**¶9** However, *Whitman* does not apply here because that case only addresses timely appeals from a judgment and sentence, *see id*. at 566-67, ¶ 9, 324 P.3d at 852-53, whereas here we are addressing timely appeal from a dismissal with prejudice. Moreover, in *Whitman*, the time for filing a timely appeal starts on the date of "oral pronouncement in open court." *Id*. at 566-67, ¶ 9, 324 P.3d at 852-53 (quoting Ariz. R. Crim. P. 26.16(a)). Here, however, the June 20 dismissal with prejudice was never orally pronounced in open court.

**¶10** Thus, absent an oral pronouncement, entering the judgment and sentence in a criminal matter occurs when the minute entry is filed. *Whitman*, 234 Ariz. at 565-66, ¶ 9, 324 P.3d at 853. Here, the superior court's minute entry was filed on July 3. Because the State filed a notice of appeal on July 22, within twenty days of that minute entry, the appeal is timely. *See* Ariz. R. Crim. P. 31.3. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13–4032(1) (2010).

> B. The superior court abused its discretion by dismissing the indictment with prejudice.

**¶11** The superior court found the State was trying to gain a tactical advantage by delaying prosecution while waiting for the personnel records and, in the event the evidence was further delayed, avoiding the attachment of jeopardy. The court also found Simmons was prejudiced for three reasons: (1) the State's failure to comply with the May 21 *Brady* order; (2) late discovery of the video recording and the delay caused by the motion to continue; and (3) delay in prosecution and loss of possible defense witnesses. The State contends the superior court abused its discretion in dismissing with prejudice. We agree.

**¶12** We will uphold the superior court's ruling unless there was an abuse of discretion. *See State v. Garcia*, 170 Ariz. 245, 247, 823 P.2d 693, 695 (App. 1991). An abuse of discretion occurs when the record does not provide substantial support for its decision, or the court makes an error of law in reaching its decision. *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3, 82 P.3d 369, 370 (App. 2004). We review the evidence in the light most favorable to affirming the trial court. *State v. Rasch*, 188 Ariz. 309, 312, 935 P.2d 887, 890 (App. 1996).

¶13        Arizona Rule of Criminal Procedure 16.6(d) governs dismissals and provides a dismissal should be without prejudice, unless the court finds "the interests of justice require that the dismissal be with prejudice." A dismissal with prejudice must be based on a reasoned finding "that to do otherwise would result in some articulable harm to the defendant." *State v. Wills*, 177 Ariz. 592, 594, 870 P.2d 410, 412 (App. 1993) (vacating after determining court's perfunctory finding that interests of justice required dismissal with prejudice was unsupported by the record because of no articulable harm); *State v. Granados*, 172 Ariz. 405, 407, 837 P.2d 1140, 1142 (App. 1991) (encouraging express record findings about the interests of justice and vacating after concluding record did not support dismissal with prejudice). A court may dismiss an indictment with prejudice for flagrant or reckless disregard of its orders if such misconduct prejudices the defendant and lesser sanctions will not remedy the harm. *State v. Fattorusso,* 228 So.2d 630, 632-33 (Fla. Dist. Ct. App. 1969) (acknowledging that court has inherent power to dismiss with prejudice for deliberate, continuous or flagrant violation of court order); *see State v. Hart,* 723 N.W.2d 254, 256, 259-60 (Minn. 2006) (stating court may dismiss with prejudice for failure of state to appear at hearing); *see also State v. Whitney,* 637 P.2d 956, 958 (Wash. 1981) (stating court may dismiss with prejudice for governmental misconduct or arbitrary action, but only when the defendant is prejudiced and a new trial will not afford the defendant a remedy).

¶14        The defendant has the burden of establishing prejudice. *State v. Pecard*, 196 Ariz. 371, 378, ¶ 35, 998 P.2d 453, 460 (App. 1999). In the context of speedy trial violation cases, we have held that before dismissing with prejudice, the court must find that the State has delayed to obtain a tactical advantage or harass the defendant, and the defendant has demonstrated resulting prejudice. *See State v. Huffman*, 222 Ariz. 416, 420, ¶ 11, 215 P.3d 390, 394 (App. 2009); *Garcia*, 170 Ariz. at 248, 823 P.2d at 696. Traditionally, we have required a court to "properly balance the conflicting interests involved, society's and the defendant's" prior to a dismissal. *See State ex rel. Jenney v. Superior Court*, 122 Ariz. 89, 90, 593 P.2d 312, 313 (App. 1979). More recently, we have explained that "[t]he court's duty is satisfied as long as it has considered the relevant competing interests of the defendant and the state in light of the particular circumstances of each case." *Huffman*, 222 Ariz. at 421-22, ¶¶ 14-15, 215 P.3d at 395-96 (citing non-exclusive list of relevant considerations to weigh including the seriousness of the charges; harm from the offense; defendant's history, character, and condition; the length of any pretrial incarceration or any incarceration for related or similar offenses; the purpose and effect of imposing a sentence authorized by the offense; the impact of dismissal on public confidence in the judicial system or on the safety and welfare of the community in the

6

event the defendant is guilty; prejudice to the defendant as the result of the passage of time; and the defendant's feelings with respect to dismissal of the case). The most important factor is whether the delay in prosecution would result in prejudice to the defendant such that the dismissal would "actually hurt [the defendant's] ability to defend against the charges." *State v. Gilbert*, 172 Ariz. 402, 404-05, 837 P.2d 1137, 1139-40 (App. 1991); *State v. Hannah,* 118 Ariz. 610, 611, 578 P.2d 1039, 1040 (App. 1978). "[A] judge is required to actually weigh the factors that bear on the [prejudice]." *Garcia*, 170 Ariz. at 248, 823 P.2d at 696.

¶15        If an appellate court concludes there is insufficient evidence of prejudice, it can vacate the judgment and remand with instructions to dismiss the indictment without prejudice or vacate the judgment and remand for further proceedings on prejudice to the defendant. *Compare Wills*, 177 Ariz. at 595, 870 P.2d at 413 (vacating dismissal with prejudice and in light of lack of showing of harm to the defendant, remanding to dismiss without prejudice), *with State v. Penney*, 229 Ariz. 32, 36-37, ¶¶ 13, 19, 270 P.3d 859, 863-64 (App. 2012) (affirming superior court finding that police interfered with defendant's right to counsel but remanding for further proceedings to determine if sufficient harm existed to dismiss with prejudice).

¶16        The trial court found that the State attempted to gain a tactical advantage by moving to dismiss without prejudice prior to jeopardy attaching on the assumption the State could not comply with the court's *Brady* order. The State does not argue that it had any other purpose. However, as the trial court implicitly found and the State argues on appeal, such a purpose is not grounds for dismissal with prejudice unless it is tied to some violation of a prior order and prejudices the defendant. As we discuss below, we agree with the superior court that the State violated the May 21 order. However, because Simmons did not present any evidence showing sufficient prejudice resulting from the State's motion to dismiss or other, we vacate the order of dismissal with prejudice.

### 1.        Failure to Comply with Court Orders

¶17        The superior court concluded the State's request to dismiss the indictment was to avoid double jeopardy in the event the records were further delayed. The State contends the May 21 order did not require it to personally obtain and inspect the personnel records; only that it was an option Simmons could request. To this end, the State argues that because Simmons did not request an examination of the personnel files until four days after the original June 3 trial date, any delay caused by a failure to

physically examine the files was not attributable to the State's noncompliance with the May 21 court order.

**¶18**     Construing the evidence most strongly in favor of affirming, we cannot find the court erred in finding a violation of the May 21 order. As the State conceded below, the county attorney's office partners with local law enforcement to regularly review personnel files for truthfulness of officers. Given that fact, there would have been no reason in the May 21 order for the trial court to order the State to either present the personnel records for in-camera review or to review them to disclose any *Brady* materials related to truthfulness of the officers. If the court had felt such standard reviews were sufficient, it would have so stated in the May 21 order. The only explanation for the May 21 order's language is that the files were to be personally reviewed by the prosecutors or to be submitted for in-camera review. If there was any question of that in the State's mind, it should have sought clarification.

**¶19**     This, however, does not mean the State's attempt to avoid jeopardy attaching constitutes the kind of prejudice justifying a dismissal with prejudice. The superior court warned the State the day before trial that the State had to review or produce the personnel files by the next day before its officers could testify. At the argument the next day on the motion to dismiss, the clear import was that if the State could not get the files before the two officers at issue were to testify, the State would not be able to present its case. That result did not interfere with Simmons' ability to defend, but would preclude the State from putting on its case in chief. This is not the stuff of which prejudice is made. *See Gilbert*, 172 Ariz. at 405, 837 P.2d at 1140.

### 2.     Delay and Loss of Evidence

**¶20**     Since the double jeopardy issue was not the type of prejudice which would interfere with Simmons' ability to present his defense and should not require a dismissal of the indictment with prejudice, we turn to the two factors the court found to be prejudicial: the late discovery of the video recording of the altercation, and loss of photographs and defense witnesses. Simmons was arraigned on July 26, 2012. Prior to the State's motion to dismiss, the State allegedly lost photographs depicting Simmons' injuries, and two out of three of Simmons' witnesses purportedly moved away and became unavailable. After six continuances, the last day for trial was July 3, 2013. Simmons did not present any evidence connecting the loss of such evidence and witnesses to any delays in the prosecution or to the motion to dismiss.

**¶21** Here, after Simmons' altercation with the officers in 2011, Simmons' trial was continued six times for varying reasons. Simmons requested three of the continuances, and was a joint party to another request. Simmons did not oppose the fifth motion to continue, in which the State requested to review a newly discovered video recording of the incident. Simmons did not present any evidence that he was prejudiced by the delay in finding the video or the continuance, and the record does not establish that the State's delays caused it to lose any photographs, or contribute to Simmons' witnesses becoming unavailable.

**¶22** Given that avoidance of jeopardy is insufficient to create the type of prejudice needed to dismiss with prejudice, and in the absence of any record establishing causality between delay and actual prejudice to Simmons, we vacate the order dismissing the indictment with prejudice. On remand, the superior court shall enter a final order dismissing the indictment without prejudice.

### CONCLUSION

**¶23** For the aforementioned reasons, we vacate the superior court's dismissal with prejudice and remand this matter to the superior court for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: gsh