NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN JOSEPH BRAGNA, JR., *Petitioner*.

No. 1 CA-CR 14-0771 PRPC
FILED 12-13-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2004-036793-001SE
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Joseph Bragna, Jr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Andrew Gould and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1        Petitioner John Joseph Bragna, Jr., petitions this court for review from the summary dismissal of a motion the trial court properly treated as Bragna's ninth successive petition for post-conviction relief. Bragna pled guilty to attempted sexual conduct with a minor and attempted sexual abuse in 2004. The trial court sentenced Bragna to a term of imprisonment for attempted sexual conduct and placed him on probation for attempted sexual abuse, all as required by the plea agreement.

¶2        Bragna properly presents one issue for review. Bragna argues the trial court must order his release from prison because the sentencing minute entry reflects that the trial court actually placed him on probation for attempted sexual conduct rather than sentence him to prison.

¶3        We deny relief. The sentencing minute entry contains an error. The minute entry shows the trial court sentenced Bragna to an aggravated term of fifteen years' imprisonment for attempted sexual conduct with a minor. For unknown reasons, the minute entry contains a statement purportedly suspending the imposition of sentence and placing Bragna on probation. The minute entry does not, however, identify a term of probation for that count, and the uniform conditions of probation the court imposed identify only the count of attempted sexual abuse. Additionally, the sentencing transcript shows the trial court did not suspend the imposition of sentence after it sentenced Bragna to fifteen years' imprisonment for attempted sexual conduct. Where there is a discrepancy between the sentencing minute entry and the oral pronouncement of sentence, the oral pronouncement controls. *State v. Johnson*, 108 Ariz. 117, 118 (1972), *superseded by rule on other grounds as stated in State v. Whitman*, 234 Ariz. 565 (2014). Where, as here, the record allows us to resolve such a discrepancy, it is not necessary to remand for clarification or correction. *State v. Bowles*, 173 Ariz. 214, 216 (App. 1992).

¶4        We do not address the additional issues Bragna raises in his petition for review because he did not raise those issues in the motion he filed below. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (declining to address new arguments presented in a motion for rehearing after the court issued its original ruling on the petition for post-conviction relief); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (same); *cf. State v. Smith*, 184 Ariz. 456, 459 (1996) (holding review for fundamental error in a post-conviction relief proceeding is not required); *State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 40-41 (App. 2007) (same).

¶5 We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA