IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA EX REL. ALLISTER ADEL, MARICOPA COUNTY ATTORNEY,
*Petitioner*,

*v.*

THE HONORABLE JOHN R. HANNAH, JR., JUDGE OF THE SUPERIOR COURT OF
THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge*,

ASHLEY DENISE BUCKMAN,
*Real Party in Interest*.

No. CV-19-0280-SA
Filed September 25, 2020

Special Action from the Superior Court in Maricopa County
The Honorable John R. Hannah, Jr., Judge
No. CR2012-007044-001
**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL:

Allister Adel, Maricopa County Attorney, Julie A. Done (argued), Kirsten
Valenzuela, Deputy County Attorneys, Phoenix, Attorneys for State of
Arizona

Sherri McGuire Lawson, Legal Defender, Maricopa County Office of the
Legal Defender, James P. Cleary, Deputy Legal Defender, Phoenix; and
Sheena Singh Chiang (argued), Law Office of Sheena Chiang, Phoenix,
Attorneys for Ashley Denise Buckman

Sam Kooistra, Arizona Capital Representation Project, Tucson; and Amy
Knight (argued), Knight Law Firm, LLC, Tucson, Attorneys for Amici
Curiae Arizona Attorneys for Criminal Justice and Arizona Capital
Representation Project in Support of Real Party in Interest

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, GOULD, LOPEZ, and PELANDER (RETIRED)* joined.

JUSTICE BEENE, Opinion of the Court:

¶1          Before a person convicted of felony murder can be sentenced to death, the jury must find that the defendant either: (1) killed, attempted to kill, or intended that a killing take place or that lethal force be used, *Enmund v. Florida*, 458 U.S. 782, 797 (1982); or (2) was a major participant in the underlying felony and acted with reckless indifference to human life, *Tison v. Arizona*, 481 U.S. 137, 158 (1987) ("*Enmund/Tison* verdict").

¶2          Here, we consider whether an *Enmund/Tison* verdict can be vacated under Arizona Rule of Criminal Procedure ("Rule") 24.2.  Because Rule 24.2 requires the entry of a judgment and sentence before a trial court can consider a motion to vacate judgment, and an *Enmund/Tison* verdict constitutes neither a "judgment" nor a "sentence," we hold that Respondent Judge erred in concluding that Rule 24.2 did not bar him from vacating the *Enmund/Tison* verdict.

## BACKGROUND

¶3          Ashley Buckman was charged with first degree murder and child abuse of her daughter, T.B.  A.R.S. §§ 13-1105, -3623.  During the guilt phase of the capital trial,[1] Buckman presented evidence of her diagnoses of

---

*          Justice William G. Montgomery has recused himself from this case.  Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable John Pelander, Justice of the Arizona Supreme Court (Retired), was designated to sit in this matter.

[1]          "A capital trial comprises just one trial, divided into guilt and sentencing phases."  *State v. Ring*, 204 Ariz. 534, 554 ¶ 50 n.19 (2003); *see* A.R.S. § 13-752(C)–(D).  However, the jury may render "three types of

post-traumatic stress disorder and battered woman syndrome; however, she was precluded from presenting this evidence as it related to her mental state at the time of the crime. *See State v. Mott*, 187 Ariz. 536, 544–45 (1997). At the conclusion of the trial, the jury found Buckman guilty of child abuse and first degree murder.

**¶4** During the aggravation/eligibility phase, Buckman requested a diminished capacity jury instruction as it related to the *Enmund/Tison* issue. The trial court denied her request. The jurors found Buckman's conduct satisfied *Enmund/Tison*, with five jurors finding that Buckman killed T.B. and eleven jurors finding that Buckman was a major participant in the child abuse that resulted in T.B.'s death and was recklessly indifferent regarding T.B.'s life. The case proceeded to the penalty phase, but the court declared a mistrial after the jury could not unanimously reach a verdict as to Buckman's sentence.

**¶5** While Buckman's case was pending retrial of the penalty phase, we issued our opinion in *State v. Miles*, 243 Ariz. 511 (2018). In *Miles*, we held that when "determining if a defendant acted with 'reckless indifference'" for the *Enmund/Tison* finding, "the factfinder may consider evidence of the defendant's diminished capacity." *Id.* at 512 ¶ 1. Relying on *Miles* and Rule 24.2, Buckman moved to vacate the jury's *Enmund/Tison* verdict and requested a new aggravation phase trial on her eligibility for a death sentence.

**¶6** The trial court found the motion to vacate judgment was premature under Rule 24.2 because no sentence had been entered. Buckman sought special action relief in the court of appeals, but the court declined jurisdiction.

---

verdicts . . . in a capital case: a 'general' verdict of 'guilty or not guilty,' an aggravation verdict, and a capital (or 'death') verdict." *State v. Fitzgerald*, 232 Ariz. 208, 211 ¶ 13 (2013) (quoting § 13-752; Ariz. R. Crim. P. 23.2(a), (e)–(f)). Because of this, the sentencing phase may consist of an "aggravation phase" (sometimes called the "eligibility phase") and a "penalty phase." § 13-752(C)–(D); *see State v. McGill*, 213 Ariz. 147, 163 ¶ 85 n.9 (2006) (Hurwitz, J., concurring in part and dissenting in part). The jury is asked to make the *Enmund/Tison* finding during the aggravation phase. *State v. Riley*, 248 Ariz. 154, 187 ¶ 122 (2020).

**¶7**        After the case was reassigned to Respondent Judge, he asked the parties if *Miles* affected the penalty phase retrial. Ultimately, Respondent Judge concluded that the "*Enmund/Tison* verdict [was] faulty as a result of *Miles*," and vacated the jury's aggravation-phase verdict, reasoning that "Rule 24.2 allows for a grant of relief prior to the entry of judgment."

**¶8**        Respondent Judge issued a stay allowing the State to seek special action review of his order. We accepted special action jurisdiction because this case presents a legal issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(6) of the Arizona Constitution.

## DISCUSSION

**¶9**        Rule 24.2 requires a court to vacate a judgment "if it finds that: (1) the court did not have jurisdiction; (2) newly discovered material facts exist satisfying the standards in Rule 32.1(e); or (3) the conviction was obtained in violation of the United States or Arizona constitutions." Ariz. R. Crim. P. 24.2(a). To seek relief under the rule, a party must "file a motion . . . no later than 60 days *after the entry of judgment and sentence*." *Id.* at (b) (emphasis added). Buckman argues the jury's aggravation phase verdict violated the Arizona Constitution based on our holding in *Miles*, and that Rule 24.2(a)(3) authorized Respondent Judge to vacate the jury's *Enmund/Tison* verdict.

**¶10**        We review the interpretation and application of court rules de novo. *State v. Fischer*, 242 Ariz. 44, 48 ¶ 10 (2017). We also evaluate procedural rules using principles of statutory construction. *Fragoso v. Fell*, 210 Ariz. 427, 430 ¶ 7 (App. 2005). "If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction." *Id.*

## A.

**¶11**        As previously noted, Rule 24.2(a) provides three circumstances in which a court must vacate a judgment. However, to obtain relief under Rule 24.2(a), a party must file a timely motion under

subsection (b) "after the entry of judgment and sentence."  Here, because Buckman's motion to vacate judgment is based on the *Enmund/Tison* verdict, we must determine whether such a verdict constitutes a "judgment and sentence" for purposes of Rule 24.2.

¶12            Rule 26.1 defines the words "judgment" and "sentence." "Judgment" means "the court's adjudication that the defendant is guilty or not guilty based on the jury's . . . verdict."  Ariz. R. Crim. P. 26.1(b). "Sentence" means "the court's pronouncement of the penalty imposed on the defendant after a judgment of guilty."  *Id.* at (c).

¶13            Given the definitions of these two words, an *Enmund/Tison* verdict cannot constitute a judgment *or* sentence, much less a judgment *and* sentence.  The jury's aggravation phase verdict found Buckman eligible for the death penalty; it did not comprise the trial court's judgment that Buckman was guilty of the charged offenses, nor its pronouncement of her penalty.   Further, "the entry of judgment and sentence occurs at sentencing," and the court has not yet sentenced Buckman.  *State v. Montgomery*, 233 Ariz. 341, 343 ¶ 7 (App. 2013).  Because the court did not enter a judgment and sentence in this case—*the* core procedural predicate before a motion to vacate becomes viable—Respondent Judge erred in granting relief under Rule 24.2.

¶14            Further, Rule 24.1's existence supports the conclusion that a verdict is not a judgment or sentence.  Rule 24.1, which governs vacating a verdict, shows that Rule 24.2 was not intended to address verdicts.  A court cannot vacate a judgment and sentence where none exists.

¶15            Arizona caselaw supports this conclusion.  In *State v. Hickle*, 129 Ariz. 330, 332 (1981), we determined that if a defendant moves to vacate the judgment pursuant to Rule 24.2 before the court has entered the judgment and sentence, the motion is premature and cannot proceed.  The Court noted that although former rules of criminal procedure permitted motions to "abate" or "arrest" a judgment and sentence that had not been entered, the rules adopted in 1973 abolished this motion and "Rule 24.2 may not be used for that purpose."  *Id.*  More recently, in *State v. Fitzgerald*, 232 Ariz. 208, 212 ¶ 20 n.5 (2013), we noted Rule 24.2's requirement that a judgment and sentence be entered before a defendant may move to vacate

the judgment. Similarly, the court of appeals, in dicta, has posited that a judgment and sentence must be entered before a party may file a motion under Rule 24.2. *See State v. Saenz*, 197 Ariz. 487, 489 ¶ 6 (App. 2000) ("Nor could [defendant] have proceeded under Rule 24.2 because a judgment of conviction and sentence had not yet been entered. Like the petition for post-conviction relief, a motion to vacate the judgment would also have been premature."). These cases support the unremarkable proposition that a judgment and sentence must be entered before a Rule 24.2 motion may be filed and considered by a trial court.

¶16 Still, Buckman invites us to abandon this "strict interpretation" of Rule 24.2. She contends that construing Rule 24.2's "judgment and sentence" requirement in this manner would lead to an absurd result. To avoid this consequence, she argues that Rule 24.2 should be harmonized with Rule 1.2, which states that the "rules are intended to provide for the just and speedy determination of every criminal proceeding" and should be "construe[d] . . . to secure simplicity in procedure . . . [and] the elimination of unnecessary delay and expense." Because the requirement of a "judgment and sentence" is clear and unambiguous (and the rules specifically define those terms), the use of other methods of construction is unnecessary, and we therefore decline her invitation to effectively rewrite Rule 24.2 under the guise of reinterpreting it. *See State v. Salazar-Mercado*, 234 Ariz. 590, 592 ¶ 4 (2014) ("If a rule's language is plain and unambiguous, we apply it as written without further analysis.").

¶17 We agree that in some circumstances a reasonable interpretation of Rule 24.2 may result in procedural inefficiency. But this is a consequence of Rule 24.2's text, not a flawed interpretation of it. Simply because this inefficiency may result does not mean that the interpretation produces an absurd result. Rule 1.2 does not provide us authority to vitiate an otherwise clear rule.

¶18 Rule 24.2, read in conjunction with Rule 26.1's definitions of "judgment" and "sentence" and Arizona caselaw, prescribes that a judgment *and* sentence be entered before a trial court can consider a motion to vacate judgment. Ariz. R. Crim. P. 24.2(b). Because this procedural

predicate was not present in this case, Respondent Judge erroneously granted relief under Rule 24.2.

## CONCLUSION

**¶19** In light of the foregoing, we accept jurisdiction and grant the State relief by vacating Respondent Judge's order that vacated the *Enmund/Tison* verdict.