NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES MICHAEL HARRIES, *Appellant*.

No. 1 CA-CR 18-0520
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. CR2001-014438
The Honorable Erin Otis, Judge *Retired*

**REVERSED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Appellee*

Rosenstein Law Group, Scottsdale
By Craig J. Rosenstein, Steven G. Scharboneau
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

_____

**C A T T A N I**, Judge:

**¶1**         James Michael Harries appeals from the superior court's decision vacating its prior ruling designating his class 6 undesignated felony conviction as a misdemeanor.  For reasons that follow, we hold that the superior court improperly granted the State's request for relief under Rule 60 of the Arizona Rules of Civil Procedure, which no longer provides a basis for relief in criminal proceedings.  Accordingly, we reverse and reinstate the prior ruling designating Harries's 2001 conviction a class 1 misdemeanor.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In late 2001, Harries pleaded guilty to solicitation to possess dangerous drugs, a class 6 undesignated felony.  The superior court suspended sentence and imposed three years' probation.  Harries was discharged from probation a few years after that, and he later satisfied his related monetary obligations.

**¶3**         In 2016, the State filed a new charge—misconduct involving weapons—against Harries.  But the State subsequently filed a motion to dismiss that charge without prejudice, and the superior court granted the motion at the end of August 2017.

**¶4**         Harries then immediately filed (and mailed to the Maricopa County Attorney's Office) an application to designate his 2001 offense a misdemeanor.  In his application, Harries noted that he had completed probation, and he disclosed a 2002 federal firearms-related conviction as well as the then-dismissed 2016 misconduct-involving-weapons charge. The State did not file a response, and in September 2017, superior court granted Harries's request and designated the 2001 offense a class 1 misdemeanor.  *See* A.R.S. § 13-604(A).

**¶5**         Almost three months later, the State filed a motion to reconsider the misdemeanor designation.  The State asserted that Harries

had failed to inform the court that he had been re-indicted for misconduct involving weapons on August 30, 2017 — the day before he filed the application. Harries opposed, noting that when he filed the application, he did not know (and the State had not notified him) that the misconduct-involving-weapons charge had been refiled. Harries further argued that the State's motion was untimely and an improper attempt to overcome a final ruling after the State had failed to respond to the original application. In February 2018, the superior court granted the State's motion and vacated its misdemeanor-designation ruling, leaving the 2001 offense an undesignated felony.

¶6        Harries then filed a motion to strike or request for rehearing of the February 2018 ruling, seeking reinstatement of the original misdemeanor-designation ruling. Harries urged that his "re-felonization" violated due process. After briefing and oral argument, the superior court reaffirmed its February ruling. The court reasoned that it retained inherent authority to vacate or modify its earlier ruling and explained that "[h]ad the Court known at the time of ruling that [Harries] had a pending felony case[,] the Court would have never granted the motion to designate the offense a misdemeanor in the first place."

¶7        Harries was granted leave to pursue a delayed appeal. *See State v. Harries*, No. 2 CA-CR 2020-0142-PR, 2020 WL 5566139, at *3, ¶ 11 (Ariz. App. Sept. 17, 2020) (mem. decision); *see also* Ariz. R. Crim. P. 32.1(f). We have jurisdiction to consider Harries's challenge to the superior court's order vacating the misdemeanor designation, an order affecting his substantial rights. *See* A.R.S. § 13-4033(A)(3); *cf. State v. Delgarito*, 189 Ariz. 58, 59 (App. 1997).

## DISCUSSION

¶8        Harries contends the superior court lacked authority to unwind its September 2017 ruling designating his 2001 offense a misdemeanor. Under the circumstances presented here, we agree.

¶9        The superior court relied on *Condos v. Superior Court*, 29 Ariz. 186 (1925), and its progeny for the proposition that under the framework of Civil Rule 60, the court in criminal cases has inherent authority to modify or vacate its own orders or judgments within six months after ruling. Subject to exceptions not implicated here, *Condos* allowed the court to use the then-existing equivalent of Rule 60 to grant relief from judgment in criminal cases as an exercise of the court's common-law authority. *Id.* at 190–91 (authorizing the court to grant Rule 60-type relief from a criminal

judgment unless doing so would violate double jeopardy); *State v. McKelvey*, 30 Ariz. 265, 267–68 (1926) (restricting application of *Condos* to exclude suspension or modification of a valid, executed sentence); *Sam v. State*, 33 Ariz. 421, 423–24, 429 (1928) (restating the *Condos* rule and clarifying that the superior court nevertheless loses jurisdiction once an appeal is perfected); *see also, e.g.*, *State v. Lopez*, 96 Ariz. 169, 171–72 (1964); *Campbell v. Thurman*, 96 Ariz. 212, 214 (1964); *State v. Hogue*, 106 Ariz. 532, 534 (1971). But that line of cases makes clear that the *Condos* rule served only as a gap-filler absent specific rules governing post-judgment motions in criminal cases. *See Campbell*, 96 Ariz. at 214 ("Where statutes and rules exist covering the situation it is unnecessary and improper to look to the common law for inherent powers."); *see also Lopez*, 96 Ariz. at 172 (reiterating that Rule 60 could be used in a criminal case "in the absence of a specific rule or statute").

¶10          As of the early 1970s, the Arizona Rules of Criminal Procedure provided just such rules: adoption of Rules 24.2 ("Motion to Vacate Judgment") and 24.3 ("Modification of Sentence") replaced the *Condos*-era reliance on Rule 60 and provided "specifically criminal post-trial remedies of similarly broad scope." Ariz. R. Crim. P. 24.2 cmt. These criminal-specific rules for relief from judgment supplanted reliance on Rule 60 in criminal cases and abrogated this aspect of *Condos* and its progeny. *See id.* ("Rule 60(c) does not have any further application to criminal cases."); *see also Campbell*, 96 Ariz. at 214; *cf. State v. Falkner*, 112 Ariz. 372, 374 (1975) (holding that the superior court's substantive authority regarding post-trial motions "is limited to that set out in the Rules"). Accordingly, the superior court's authority to vacate its misdemeanor-designation ruling must now be found in—and is constrained by—these rules of criminal procedure.

¶11          Here, the superior court's misdemeanor-designation ruling permissibly modified the initial adjudication of Harries's guilt by adjusting the classification of his offense of conviction, so it operated as the court's "judgment" for these purposes; Harries's sentence was entered in 2001. *See* Ariz. R. Crim. P. 26.1(b); *see also State ex rel. Adel v. Hannah*, 249 Ariz. 537, 540, ¶ 18 (2020). The State was thus required to file any request to unwind the misdemeanor designation "no later than 60 days after" that ruling. Ariz. R. Crim. P. 24.2(b); *cf.* Ariz. R. Crim. P. 24.3(a) (same time limit for a request to correct the sentence). The State did not do so, however, until 88 days later. Although the State's request to unwind would have been timely under the 6-month deadline in Rule 60, it was not timely under Rule 24.

**¶12** In superior court, the State claimed its actions were delayed because Harries's application to designate his 2001 offense a misdemeanor only endorsed the Maricopa County Attorney's Office generally and not the deputy county attorney assigned to the 2016 case. We are unaware of any legal authority, however, that would require that the application relating to the initial offense specifically endorse the attorney who had been prosecuting the wholly distinct, already-dismissed 2016 case. And the State has not explained how the general endorsement excused a nearly three-month delay in responding to the application.

**¶13** The State argues that the superior court nevertheless had authority to consider its untimely motion. But the authorities on which the State relies address the court's discretion to extend the time for filing pretrial motions, not post-judgment motions challenging a final, appealable ruling. *See* Ariz. R. Crim. P. 16.1(a), (c); *State v. Colvin*, 231 Ariz. 269, 271–72, ¶¶ 6–7 (App. 2013); *State v. Cramer*, 174 Ariz. 522, 523 (App. 1992); *State v. Vincent*, 147 Ariz. 6, 8–9 (App. 1985). Rule 24.2 itself delineates limited circumstances in which the State can file a motion to vacate judgment "at any time." *See* Ariz. R. Crim. P. 24.2(e)(1) (clear and convincing evidence of defendant's actual innocence), (2) (wrongful conviction "based on an erroneous application of the law"). But neither permissible ground is implicated here.

**¶14** Finally, we see no inherent injustice in applying Criminal Rule 24 rather than Civil Rule 60 to the facts of this case. The refiled misconduct-involving-weapons charge carries its own punishment upon conviction, and nothing prevents the State from asserting the circumstances underlying the prior offense designation in arguing for a harsher sentence within the available sentencing range. Our ruling simply reaffirms that if the State disagrees with a ruling affecting a criminal judgment, it must challenge the ruling within the time frame set forth in Rule 24.

**¶15** Accordingly, under these circumstances, we hold that the superior court lacked authority to vacate its prior misdemeanor-designation ruling. We thus reverse and reinstate the superior court's September 2017 ruling designating Harries's 2001 offense as a class 1 misdemeanor.

## CONCLUSION

**¶16**      The cause is reversed and the misdemeanor designation reinstated.



AMY M. WOOD • Clerk of the Court
FILED: AA